UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RAYMOND STAFFORD                              CIVIL ACTION NO. 17-cv-0262

VERSUS                                        CHIEF JUDGE HICKS

WALTER J. STANTON, III, ET AL                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Raymond Stafford ("Plaintiff") sued attorney Walter J. Stanton, III, David deBarardinis and Financial Resources, LLC, for their alleged involvement in a Ponzi scheme that defrauded Plaintiff of approximately $2.75 million. Plaintiff filed an amended complaint that named as defendants Berkley Assurance Co. and National Union Fire Insurance Co. of Pittsburgh PA, Stanton's professional liability insurers. In May 2019, Berkley served on Carney Stanton, Walter Stanton's law firm, a subpoena for documents relating to Stanton's and the firm's attorney representation of deBerardinis, individually and on behalf of his companies.

Before the court is Walter Stanton's **Motion to Quash Subpoena and for Protective Order (Doc. 94)**, which seeks to quash the subpoena on several grounds, including procedural defects, undue burden, attorney-client privilege, and attorney work product privilege. For the reasons that follow, the motion is denied.

**Applicable Law**

Fed. R. Civ. P. 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "On timely motion, [a] court. . . must quash or modify a subpoena" if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" . . . or otherwise "subjects [the subpoenaed] person to undue burden." Rule 45(d)(3)(A)(iii)-(iv). The moving party bears the burden of demonstrating that compliance with a subpoena would be unduly burdensome. See Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).

A subpoena issued for discovery purposes is also subject to the discovery limitations of Fed. R. Civ. P. 26(b). See Jones v. Steel Fabricators of Monroe LLC, 2015 WL 5676838, *3 (W.D. La. 2015), report and recommendation adopted, 2015 WL 6023143 (W.D. La. 2015). Rule 26(b)(1) allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

Rule 26(b)(1) lists the following factors to consider when assessing whether the discovery sought is proportional to the needs of the case: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs the likely benefit.

Rule 26(b)(2)(C) requires the court to limit discovery if (1) it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**The Subpoena**

The subpoena was addressed to the law firm Carney Stanton. It requested five categories of documents: (1) bills submitted to deBerardinis or any of his companies for services rendered by Carney Stanton in connection with dealing with Plaintiff or any other investor or potential investor during the years 2014, 2015, or 2016; (2) communications during the years 2014, 2015, or 2016 between Carney Stanton and deBerardinis or any other agent of any of his companies concerning Plaintiff or any other investor or potential investor; (3) promissory notes, contracts, corporate documents, bank records or promotional advertising material relating to deBerardinis or any of his companies that Carney Stanton provided to Plaintiff or any other investor or potential investor during the years 2014, 2015, or 2016; (4) documents prepared, revised, or reviewed by Carney Stanton on behalf of or in furtherance of the fuel trading business of deBerardinis or any of his companies during the years 2014, 2015, or 2016; and (5) documents collected from Carney Stanton's servers for inspection and copying pursuant to the Collection Protocol Agreement dated February 13, 2018.

**Standing**

Berkley argues that Walter Stanton does not have standing to challenge the subpoena. The subpoena was directed to the law firm Carney Stanton. Berkley asserts that, under Annie Sloan Interiors, Ltd. v. Jolie Design & Décor, Inc., 2018 WL 6624208, *2 (E.D. La. 2018), persons to whom a subpoena is not directed lack standing to challenge a subpoena served on a third party. Berkley also suggests that Walter Stanton has made no showing that he has a personal right or privilege regarding the subject matter of the subpoena.

The court finds that Walter Stanton does have standing to challenge the subpoena because he has asserted that he is the sole acting member as it relates to work performed by Carney Stanton in connection with the relevant deBerardinis matters.

**La. Code Evid. Art. 508**

Walter Stanton argues that the subpoena is procedurally improper because La. Code Evid. Art. 508 requires a contradictory hearing *before* a subpoena is issued to a lawyer or law firm that seeks information related to a client and that lawyer's representation thereof. Neither Berkley nor Stanton requested a hearing. Stanton raised this argument for the first time in his reply brief, so Berkley did not have an opportunity to respond. This court will not consider arguments raised for the first time in a reply brief. In any event, this court's motion practice is sufficient to comply with Art. 508.

**Relevance**

Berkley asserts that the documents sought are relevant to its defenses to coverage. Berkley alleges that coverage under its policy is not applicable because: (1) Plaintiffs allege

no claims based on the failure to render professional legal services for a fee, (2) no coverage is afforded for damages arising out of any dishonest, fraudulent, or criminal activity, (3) no coverage is afforded for damages arising out of a violation of any securities laws or any insured's preparation or utilization of documents in connection with securities transactions, (4) no coverage is afforded for damages arising out of the breach of any express or implied warranties or guarantees, (5) no coverage is afforded for any damages arising out of (a) any insured's services, errors, or omissions as a securities broker, dealer, etc., (b) comparative negligence or fault of the Plaintiff, and (c) comparative fault of others.

The court finds that the requested documents go to the substance of Berkley's policy defenses because the character of the work that Carney Stanton did will likely be reflected in the firm's bills to deBerardinis as well as in the firm's correspondence with deBerardinis. Accordingly, the requested documents are relevant to Plaintiff's claims and Berkley's defenses.

**Burden**

Walter Stanton argues that the subpoena to Carney Stanton is duplicative and unduly burdensome in that it seeks materials in Walter Stanton's possession and materials that have arguably been subsumed within the discovery directed to Walter Stanton. He does not point to any specific documents that he has produced that may be responsive to the subpoena. Stanton argues that the subpoena makes no effort to limit the discovery to information unable to be sought by other means and that Berkley has failed to take into account the sensitive and privileged nature of the documents sought.

Berkley responds that all of the documents requested would have been created in the normal course of business and should be readily accessible to Carney Stanton. The fifth category of documents sought in the subpoena is documents collected from Carney Stanton's servers by Inventus, LLC, a company that provides digital forensic services. Inventus has already collected electronic documents related to deBerardinis and his companies. According to Berkley, that information can be accessed and provided to others with Carney Stanton's authorization; thus, this category of documents would not even require Carney Stanton to spend time or effort to compile documents. Stanton suggests that these documents may no longer be in Carney Stanton's possession but are instead in the possession of the federal government and/or Inventus.

The court finds that the factors set forth in Rule 26(b)(1), set forth above, weigh in favor of denying Walter Stanton's motion to quash. First, the discovery sought relates to (1) facts that Plaintiff would need to establish in order to determine coverage under Berkley's policy and (2) Berkley's policy defenses. The character of the work that Carney Stanton did should be reflected in its bills and in correspondence with deBerardinis and other potential investors. Second, the amount in controversy is over $2.5 million, which is significant. Third, Carney Stanton has access to the information, which it should have kept in the normal course of its business, while Berkley would have no access to the documents it seeks except through this subpoena. Finally, the potential benefits from the discovery outweigh any burden or expense to be incurred in producing the documents.

**Privilege**

Walter Stanton argues that the documents sought by the subpoena consist of privileged material. Stanton states that defendant deBerardinis is the holder of the privilege and, until deBerardinis waives his privilege and directs his attorneys to disclose confidential information, Walter Stanton and Carney Stanton are duty-bound not to comply with the subpoena. Stanton argues that Berkley must direct its requests to deBerardinis, who is the only individual able to waive privilege and provide the documents sought.

Berkley argues that, under King v. University Healthcare System, L.C., 645 F.3d 713, 720 (5th Cir. 2011), the attorney-client privilege only protects confidential communications by a client to his attorney made for the purpose of obtaining legal advice. Berkley argues that this privilege does not extend to business advice or to exchanges designed to communicate only business data, and it does not permit an attorney to conduct his client's affairs in secret. Matter of Fischel, 557 F.2d 209, 211-212 (9th Cir. 1977). As to the attorney work product immunity, Berkley argues that the privilege applies only to documents prepared in anticipation of litigation, not those assembled or created in the ordinary course of business. U.S. v. El Paso Co., 682 F.2d 530, 542 (5th Cir. 1982).

Berkley also argues that because documents provided to or shown to potential investors, along with communications concerning those documents, were neither (1) communicated in confidence to Stanton for the purpose of obtaining legal advice, nor (2) prepared in anticipation of litigation, neither the attorney-client privilege nor the attorney work product privilege apply.

The court finds that the attorney-client privilege and work product immunity do not apply because, although Stanton acted as legal counsel for deBerardinis and his companies, it seems clear that Stanton also acted as an investment promoter who is alleged to have persuaded Plaintiff to invest in a fraudulent scheme using forged documents. The emails attached to the briefs show that Plaintiff introduced Walter Stanton to other potential investors so that Stanton could propose investments in the scheme. Stanton was not acting as an attorney, but rather as a business or investment advisor.

Furthermore, neither the attorney-client privilege nor the work product immunity applies to communications that are intended to further continuing or future criminal or fraudulent activity. In re Grand Jury Subpoena, 419 F.3d 329, 335 (5th Cir. 2005); In re EEOC, 207 Fed.Appx. 426, 434 (5th Cir. 2006). The allegations of Plaintiff as well as the criminal indictment of deBerardinis by a federal grand jury establish a prima facie showing that the crime-fraud exception applies. Nevertheless, it is possible that the law firm provided legal advice on matters wholly unrelated to the fraudulent investment scheme. The court does not read the subpoena to request production of that type of information.

**Deadline**

Unless otherwise agreed by the parties, the law firm shall comply with the subpoena within 14 days.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge