UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RAYMOND STAFFORD                        CIVIL ACTION NO. 17-cv-262

VERSUS                                  CHIEF JUDGE HICKS

WALTER J STANTON III ET AL              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Raymond Stafford ("Plaintiff") sued Walter J. Stanton, III (an attorney), David deBerardinis, and Financial Resources, LLC for their alleged involvement in a Ponzi scheme that defrauded Plaintiff of approximately $2.75 million. Plaintiff previously filed a first amended complaint that named as additional defendants Berkley Assurance Co. and National Union Fire Insurance Co. of Pittsburgh PA, Stanton's professional liability insurers.

Before the court is Plaintiff's Motion for Leave of Court to File Second Amended Complaint (Doc. 186). Plaintiff seeks to add language to the complaint to state that Stanton acted *as Plaintiff's attorney* with regard to Plaintiff's investment in the scheme. For the reasons that follow, it is recommended that the motion be denied.

**The Complaint and First Amended Complaint**

Plaintiff originally filed his complaint against only Financial Resources, LLC, Walter Stanton, and David deBerardinis.[1] In March 2017, Plaintiff filed his first amended

---

[1] Neither Finanical Resources nor David deBerardinis filed an answer. The clerk has made an entry of default as to those defendants. Doc. 66.

complaint, which added as defendants Berkley and National Union, Stanton's professional liability insurers. The first amended complaint alleged that Plaintiff "considered Stanton as his fiduciary as regards the investment." Doc. 12, ¶ 13. The first amended complaint made additional repeated references to Plaintiff's reliance on Stanton as a *fiduciary* and averred that Stanton was liable to Plaintiff for negligent misrepresentation.

**The Second Amended Complaint**

The proposed second amended complaint seeks to "clarify that Stanton acted as Raymond Stafford's attorney with regard to the investment." The proposed amendment alleges that "Stanton acted as Stafford's legal counsel relating to the investment to oversee the process, to protect Stafford, and to prepare the necessary legal documents to consummate the transaction." Where the first amended complaint referred to Stanton as Plaintiff's "fiduciary," the proposed second amended complaint refers to Stanton as Plaintiff's "attorney" or "legal counsel." The proposed second amended complaint asserts that Stanton is liable to Plaintiff "for legal malpractice and negligent misrepresentation." Doc. 186-3, ¶ 30.

**Timeliness**

A scheduling order (Doc. 71) was issued on December 17, 2018, and it established a deadline of January 30, 2019 for the amendment of pleadings. On July 15, 2019, Berkley filed an unopposed motion to continue the trial date and pretrial deadlines (Doc. 117). The motion, filed more than six months after the amendment deadline closed, sought an order continuing "all presently set pretrial and trial dates and setting a status conference for the purpose of selecting a new trial date … ." Doc. 117-2, p. 3.

The undersigned granted the motion and vacated the existing scheduling order. Doc. 118. A status conference was held on February 5, 2020 to select a new trial date. The minutes of the conference set new deadlines for fact discovery, expert reports, expert depositions, dispositive motions, and may-call witness lists. Doc. 139. The minutes did not re-open the deadline for the amendment of pleadings. Plaintiff later filed a motion to extend those deadlines an additional 90 days. His proposed order, which contained no mention of the expired pleadings amendment deadline, was entered. Docs. 146-47.

The January 30, 2018 deadline for amendment of pleadings had passed long before Berkley filed its motion to continue trial. The motion asked for a continuance of presently set deadlines, but it did not ask to reopen the amendment deadline. The court did not intend to reopen the deadline by its July 16, 2019 order, and it never indicated in any other order that the deadline was reopened. Accordingly, the court finds that Plaintiff's September 2020 motion for leave to amend is untimely by about 20 months.

**Analysis**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The standard is very liberal. The Fifth Circuit has explained that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999).

But the rule is different when, as in this case, the deadline for amendment of pleadings has passed. Rule 16(b) governs amendments after a scheduling order deadline

has expired. The movant must first demonstrate *good cause* to modify the scheduling order before the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave. S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).

The S&W Enterprises decision explained that the appellate court will look to four factors when reviewing a trial court's decision of a post-deadline motion for leave to amend: (1) the movant's explanation for his failure to timely move for leave; (2) the importance of the proposed amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Accordingly, it makes sense for the district court to consider those factors when making its decision. That decision is then reviewed only for abuse of discretion, and the Fifth Circuit has observed: "We often have affirmed denials of motions to amend when the motions have been untimely filed." Avatar v. Chevron, 933 F.2d 314, 321 (5th Cir. 1991).

**Plaintiff's Explanation for Delay**

Plaintiff gives no explanation for his delay in seeking leave to amend his complaint a second time. Plaintiff simply asserts that he has not acted in bad faith or with dilatory motive.

**Importance of the Amendment**

Plaintiff argues that the proposed amendment is important because Berkley is asserting defenses based on its view that the first amended complaint does not specifically allege that Stanton provided legal services to Plaintiff. However, Berkley first asserted this defense in its answer to the first amended complaint filed in May 2017. Doc. 36, pp. 9-10.

### Potential Prejudice

Plaintiff submits that there is no trial date set and that no depositions have yet been taken. Plaintiff argues that Berkley cannot claim surprise by the amendment because Plaintiff named Berkley in the first amended complaint alleging that Berkley's legal malpractice policies afford coverage for Plaintiff's claims against Stanton.

The court finds that the amendment would be prejudicial because Berkley has conducted discovery for more than three years based on the allegations in the first amended complaint, and discovery is scheduled to conclude on November 9, 2020. Plaintiff should not be permitted to raise a new set of allegations on the eve of the discovery deadline and more than three years after the last amended complaint was filed.

### Continuance

A continuance might allow Berkley the time it needs to take the additional discovery caused by the amendment, but it would not relieve Berkley of the real prejudice of having to re-do its discovery in light of Plaintiff's proposed new allegations that would significantly change Plaintiff's theory of his case.

## Conclusion

Based on an analysis of the relevant factors, the undersigned finds that Plaintiff has not met his burden of demonstrating good cause for the untimely amendment.

Accordingly,

It is recommended that Plaintiff's Motion for Leave of Court to File Second Amended Complaint (Doc. 186) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of October, 2020.

Mark L. Hornsby
U.S. Magistrate Judge