UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RAYMOND STAFFORD | CIVIL ACTION NO. 17-cv-262 |
| VERSUS | CHIEF JUDGE HICKS |
| WALTER J STANTON III ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Defendant Stanton has entered into a <u>Gasquet</u>-style[1] settlement with Plaintiff. The settlement results in Stanton remaining in the case as a nominal defendant while the remaining coverage issues are decided. Stanton filed a motion to dismiss and a motion to stay so that he may proceed in the Florida matter, which he filed to resolve the coverage claims.

Before the court is Stanton's Motion for Protective Order Excusing a Response to Berkley's Third Set of Requests for Admission. Doc. 193. Stanton seeks an order excusing him from having to respond to Berkley's third set of requests for admission because (1) he is only a nominal party in this action, (2) responding to the requests may prejudice his rights and remedies in the Florida action, and (3) the requests are not proper because Berkley is using them to discover and/or establish the existence of certain facts alleged in

---

[1] The release approved in <u>Gasquet v. Commercial Union Insurance Company</u>, 391 S0. 2d 466 (La. Ct. App. 4th Cir. 1980) is used as a form for settlement with the primary carrier that reserves rights against the excess insurer. Here, Stanton and National Union have settled their liability exposure, with rights reserved against Berkley.

the first amended complaint. For the reasons that follow, the motion is granted in part and denied in part.

**Applicable Law**

Federal Rule of Civil Procedure 36(a) states:

a) Scope and Procedure.

(1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and
(B) the genuineness of any described documents.

Rule 26(b)(1) states:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact. Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." In re Carney, 258 F.3d 415, 419 (5th Cir. 2001). Requests for admissions are properly used for facts or facts as applied to law rather than pure legal conclusions. Warnecke v. Scott, 79 Fed. Appx. 5 (5th Cir. 2003).

**Analysis**

Stanton's objections are resolved as follows:

RFA 2:  Overruled.  Stanton's status as a "nominal party" does not insulate him from participating in discovery.  The request is relevant to the claims and defenses in this case, and the request does not call for a legal conclusion.

RFA 3:  Overruled.  See RFA 2.

RFA 4:  Overruled.  See RFA 2.

RFA 5:  Overruled.  See RFA 2.

RFA 6:  Overruled.  See FRA 2.

RFA 7:  Overruled.  See FRA 2.  Stanton's objection that the word "encouraged" is not defined is a frivolous objection.

RFA 8:  Overruled.  See FRA 2.  Stanton's objection that the word "suggested" is not defined is a frivolous objection.

RFA 9:  Sustained.

RFA 10:  Overruled.  Stanton's objection that he is unable to admit or deny is frivolous.

RFA 11:  Overruled.  See FRA 2.

RFA 12:  Overruled.  See FRA 2.

RFA 13:  Overruled.  See RFA 2.  The lack of Bates numbers is not a basis to object.

RFA 14:  Sustained.

**Deadline:**

Stanton's supplemental answers are due no later than December 4, 2020.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of November, 2020.

Mark L. Hornsby
U.S. Magistrate Judge