UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RAYMOND STAFFORD | CIVIL ACTION NO. 17-cv-262 |
| VERSUS | CHIEF JUDGE HICKS |
| WALTER J STANTON III ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Raymond Stafford ("Plaintiff") sued Walter J. Stanton, III, David deBarardinis and Financial Resources, LLC, for their alleged involvement in a Ponzi scheme that defrauded Plaintiff of approximately $2.75 million. Plaintiff filed an amended complaint that named as defendants Berkley Assurance Co. and National Union Fire Insurance Co. of Pittsburgh PA, Stanton's professional liability insurers.

Before the court is Berkley's Motion for Leave to File a Crossclaim Against Stanton and for Extension of the Deadline to File a Crossclaim (Doc. 200). For the reasons that follow, it is recommended that the motion be denied.

**Relevant Facts**

Plaintiff alleges that Stanton convinced him to invest in deBerardinis' alleged fuel trading business, Financial Resources, which turned out to be a fraudulent Ponzi scheme. Stanton is an attorney who was a long-time representative of deBerardinis and his companies, including the fuel trading business.

As a result of the scheme, this lawsuit and three related lawsuits were filed. The first related suit is <u>PlainsCapital Bank v. FR III</u>, filed in the District Court of Dallas, Texas. The second related suit is <u>Byrum Teekell, et al v. Walter Stanton, et al</u>, filed in the First Judicial District, Caddo Parish, Louisiana. National Union agreed to defend Stanton in both of those suits. The third lawsuit (seeking a declaratory judgment regarding coverage) was filed in May 2020 by Stanton in the Southern District of Florida, which Stanton argues is the proper forum to decide the coverage issues.

National Union issued a professional liability insurance policy to Stanton effective January 9, 2016 to January 9, 2017. On December 14, 2016, Stanton reported the PlainsCapital action to National Union as a notice of a potential claim against him.

Berkley issued a professional liability insurance policy and an excess professional liability insurance policy to Stanton effective January 9, 2017 to January 9, 2018. Berkley has asserted several affirmative defenses as to why it does not owe coverage under the policies. First, prior to the inception date of the policies, Stanton had knowledge of a circumstance likely to result in or give rise to a claim. Second, the claim was first made during National Union's prior policy period with Stanton, rather than within Berkley's subsequent policy period. Third, Stanton made a material misrepresentation to Berkley in the application for insurance when he stated that he had "no knowledge of any circumstance, act, error, or omission that could result in a professional liability claim against Stanton."

Stanton asserts that he has entered into a Gasquet-styled[1] settlement with Plaintiff. The settlement results in Stanton remaining in the case as a nominal defendant while the remaining coverage issues are decided. On June 22, 2020, Stanton filed a motion to dismiss him as a defendant "with Stanton to remain a party to the proceedings in name only" pursuant to the settlement agreement. Doc. 162. Stanton also filed a motion to stay these proceedings so that he may proceed in the Florida matter, which he filed to resolve the coverage claims. Doc. 140. The motion to dismiss is still pending. A Report and Recommendation is pending to deny the motion to stay. Doc. 209.

Stanton later filed a motion for protective order to postpone his deposition and for a continuance of discovery (Doc. 188) and a motion for protective order excusing him from having to respond to requests for admission (Doc. 193), arguing that Florida is the proper forum to resolve the coverage issues. The court granted in part and denied in part the first motion for protective order, noting that "Stanton's status as a 'nominal party' does not insulate him from discovery." Doc. 217. The court denied the second motion for protective order and held that "Berkley is entitled to proceed with discovery, including the deposition of Stanton."

Berkley has now filed a motion for leave to file a crossclaim against Stanton (Doc. 200). The deadline to file amended pleadings was January 30, 2019 (See Doc. 195).

---

[1] The release approved in Gasquet v. Commercial Union Insurance Company, 391 S0. 2d 466 (La. Ct. App. 4th Cir. 1980) is used as a form for settlement with the primary carrier that reserves rights against the *excess* insurer. Here, Stanton and National Union have settled their liability exposure, with rights reserved against Berkley. Berkley argues that the settlement is not a Gasquet settlement at all because Berkley is the *subsequent*, not excess, insurer for Stanton.

Berkley argues that Stanton's refusal to complete discovery, his forum shopping, and his argument that he is a nominal party necessitate the filing of an out-of-time crossclaim against him. Berkley asserts that the proposed crossclaim requests a declaration that Berkley does not owe a defense or indemnity for Plaintiff's claim against Stanton based on the same defenses asserted in Berkley's original and amended answer and affirmative defenses to the first amended complaint.

**Applicable Law**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The standard is very liberal. The Fifth Circuit has explained that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999).

But the rule is different when, as in this case, the court has issued a scheduling order that set a deadline for amendment of pleadings and that deadline has passed. Rule 16(b) governs amendments after a scheduling order deadline has expired. The movant must first demonstrate *good cause* to modify the scheduling order before the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave. S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).

The S&W Enterprises decision explained that the appellate court will look to four factors when reviewing a trial court's decision of a post-deadline motion for leave to amend: (1) the movant's explanation for his failure to timely move for leave; (2) the

importance of the proposed amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Accordingly, it makes sense for the district court to consider those factors when making its decision. That decision is then reviewed only for abuse of discretion, and the Fifth Circuit has observed: "We often have affirmed denials of motions to amend when the motions have been untimely filed." Avatar v. Chevron, 933 F.2d 314, 321 (5th Cir. 1991).

**Analysis**

### A. Explanation for Failure to Timely Move for Leave

Berkley asserts that the filing of the crossclaim was necessitated by Stanton's recent efforts to avoid discovery. Berkley cites Stanton's motion for protective order in which he sought relief from responding to Berkley's third requests for admission. Doc. 193. Berkley also points to Stanton's motion for protective order to postpone his deposition and continue discovery. Doc. 184. Berkley contends that these motions evidence Stanton's position that he is a nominal defendant and immune from discovery.

The court gives no weight to Stanton's position that he is a "nominal defendant." The court has ordered him to participate in discovery. Doc. 217. Furthermore, Berkley has known of the Gasquet settlement since at least August 2018 and has failed to provide a reasonable explanation for why the necessity of the crossclaim was not apparent within the January 30, 2019 deadline.

### B. Importance of the Proposed Amendment

Berkley argues that the proposed amendment is necessary because Berkley has an immediate interest in a declaration that it does not owe coverage for Plaintiff's lawsuit

against Stanton. Berkley argues that the crossclaim will ensure that Stanton (1) will remain in the action, (2) will be required to articulate why he believes Berkley owes coverage, and (3) will be bound by the court's determination of coverage. Berkley asserts that it would be prejudicial to allow Stanton to "evade further discovery and be dropped from this action so he can litigate in a new forum." Berkley also contends that if the crossclaim is not allowed, Stanton would not be bound by this court's ruling on dispositive motions.

These arguments are unpersuasive. Stanton is still a party in this case. He cannot evade proper discovery.

### C. Potential Prejudice in Allowing the Amendment

Stanton argues that he will be prejudiced by the proposed crossclaim because he would need to file responsive pleadings and would be forced to take an active role in the case over three years after his settlement. Stanton points to the undersigned's recent denial of Plaintiff's motion for leave to amend his complaint. There, the court noted that Plaintiff "should not be permitted to raise a new set of allegations on the eve of the discovery deadline and more than three years after the last amended complaint was filed." Doc. 195. The court also noted that allowing the amendment would cause the prejudice of having to redo discovery in light of the amendment. Stanton argues that the same reasoning applies here.

Stanton is right on one important point: The court's recent denial of Plaintiff's motion to amend as untimely strongly suggests that Berkley's request should also be denied as untimely. Allowing the crossclaim at this late stage would lead to additional discovery and thereby prejudice Stanton.

### D. Availability of a Continuance

A continuance is not an option. This case is almost four years old.

**Conclusion**

Consideration of the relevant factors leads to the conclusion that Berkley's motion to file a crossclaim should be denied.

Accordingly,

It is recommended that Berkley's Motion for Leave to File a Crossclaim Against Stanton and for Extension of the Deadline to File a Crossclaim (Doc. 200) be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of January, 2021.

Mark L. Hornsby
U.S. Magistrate Judge