UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RAYMOND STAFFORD | CIVIL ACTION NO. 17-0262 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WALTER J. STANTON, III, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are two Motions to Dismiss (Record Documents 159 & 162) filed by Defendants Berkley Assurance Company ("Berkley") and Walter J. Stanton, III ("Stanton"). Berkley has moved to dismiss Stanton's duplicative coverage action filed in Florida federal court pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, to transfer and consolidate that action with the instant suit pursuant to 28 U.S.C. § 1404. See Record Document 159. Stanton has moved for his dismissal from this action pursuant to a settlement agreement between himself, the Plaintiff Raymond Stafford ("Stafford") and National Union Fire Insurance Company ("National Union"). See Record Document 162. For the reasons assigned herein, both Motions are hereby **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit centers on a failed investment in which Stanton convinced Stafford to invest $2.5 million in David deBerardinis's ("deBerardinis") company Financial Resources, LLC ("FR") with the promise of a substantial return that never came.[1] See

---

[1] An entry of default in this matter has occurred as to both deBerardinis and FR. See Record Document 66. The Court also notes that on March 29, 2018, deBerardinis was charged by superseding indictment with mail fraud, bank fraud, wire fraud, money laundering, and making a false statement to a bank in relation to various fuel sales agreements involving FR. See United States v. deBerardinis, No. 18-cr-0030, Western District of Louisiana, Record Document 17.

Record Document 12 at ¶19. Stanton had provided legal assistance regarding fuel purchase contracts to deBerardinis and FR for over twenty-five years and had been friends with Stafford for over twenty years. See id. at ¶¶9-11. Stafford is a resident of Dublin, Ireland. See id. at ¶1. Stanton is a resident of Coral Gables, Florida. See id. at ¶2. deBerardinis and FR are based out of Shreveport, Louisiana. See id. at ¶5.

The instant suit was filed in this Court on February 10, 2017. See Record Document 1. Stafford's claims against Stanton include breach of fiduciary duty and negligent misrepresentation. See id. at ¶¶29-30. Stafford also asserted direct claims against Stanton's professional liability insurers—National Union and Berkley—under Louisiana's Direct Action Statute, La. Rev. Stat. 22:1269. See id. at ¶¶ 4-5, 32. In July 2018, Stafford reached an agreement (the "Gasquet Settlement") with Stanton and National Union by which National Union would be dismissed from the suit with prejudice, but Stafford reserved his right to continue the case against Stanton to the extent necessary to reach Berkley. See Record Documents 51 & 180-1. This Gasquet Settlement is the subject of Stanton's Motion to Dismiss. See Record Document 162.

Several other lawsuits have been filed against deBerardinis, his entities, and Stanton. These include state court proceedings in the District Court of Dallas, Texas (PlainsCapital Bank v. FR III Funding, LLC, No. DC-16-07601) and the First Judicial District, Caddo Parish, Louisiana (Byrum W. Teekell, et al. v. Walter J. Stanton, et al., No. 599295-A). See Record Document 159 at 2. Stanton himself, however, filed a strikingly similar coverage action against Berkley in the United States District Court for the Southern District of Florida on May 1, 2020. See Walter J. Stanton v. Berkley Assurance Co., No. 1:20-cv-021829; Record Document 159-1. This coinciding lawsuit in

Florida federal court is the subject of Berkley's Motion to Dismiss. See Record Document 159.

**BERKLEY'S MOTION TO DISMISS/TO TRANSFER AND CONSOLIDATE**

Berkley's central request is for the Court to dismiss the pending action in Florida federal court as a duplicative lawsuit. See Record Document 159. In the alternative, Berkley argues the Court should transfer and consolidate the Florida action with the instant one before it. See id. at 7. Upon this occurrence, Berkley seeks dismissal of Count II of the Florida suit for failure to state a cause of action. See id. at 9. Finally, should the Court elect not to dismiss Count II, Berkley asks it to "at least dismiss or strike Stanton's unsupported fraud allegation." Id. at 10. Perhaps in a sign of the extraordinary actions Berkley asks this Court to undertake, both Stafford and Stanton oppose the Motion. See Record Documents 170 & 181. Berkley's reply enlightens the Court of a recent stay of the proceedings in Florida pending ruling on this Motion. See Record Document 183.

I.  **Dismissal under the First-Filed Rule**

Berkley argues this Court should dismiss Stanton's second-filed action in the Southern District of Florida under Rule 12(b)(1). See Record Document 159. While Berkley's arguments raise no direct subject matter jurisdiction issues, they do emphasize that the Fifth Circuit's first-filed rule mandates dismissal.[2] See id. at 3. The first-filed rule provides, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the

---

[2] As correctly stated by Berkley, the Eleventh Circuit also follows the first-filed rule. See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).

cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). The first-filed rule is rooted in principles of comity and judicial economy, while aiming to avoid the waste of duplication, encroachment upon the authority of sister courts, and piecemeal resolution of issues that require a uniform result. See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985).

The Court does not see how it has the power to dismiss a case before a sister district court with sound jurisdiction. Such action flies directly in the face of the makeup of our federal judicial system. The language of the first-filed rule itself grants the authority to refuse to hear a case to the court overseeing the second-filed action, and the jurisprudence on the subject reflects this principle. See e.g., Hartford Cas. Ins. Co. v. Ark., La., and Miss. Pipe Trades Ass'n, 2011 WL 1211518 (W.D. La. Mar. 30, 2011) (Drell, J. dismissing second-filed action in favor of first-filed in S.D. Miss.); Caillou Island Towing Co., Inc. v. Navigators Ins. Co., 2010 WL 3168420 (E.D. La. Aug. 6, 2010) (action was dismissed in favor of S.D. Tex. suit filed day prior).

Nevertheless, Berkley stresses it is the prerogative of the first-filed court to determine the applicability of the rule and how the second-filed action should be handled. See Record Document 183 at 3. While it is accurate that the first-filed court must make these determinations, such analysis cannot take place until the issue is properly before it. As explained by this Court, "the proper course of action is ordinarily for the second-filed court to transfer the case to the first-filed court. The first-filed court can then decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated." Joy Global Conveyors, Inc. v. Richard Goettle, Inc., 2018 WL 1249277 at *2 (W.D. La. Mar. 9, 2018) (Hornsby, Mag. J.) (citing Cadle Co., 174 F.3d at

606). This procedure has not yet been followed. Instead, Berkley filed and was granted a short stay of proceedings in the Southern District of Florida pending the resolution of the instant Motion before this Court. See Record Document 183-1.

This Court cannot order the dismissal of a case not yet before it. As has occurred numerous times in analogous situations, the second-filed case must be transferred to this Court, at which point it will be able to determine the applicability of the first-filed rule and the proper outcome of that suit. See e.g., Marks v. Mackey, 2014 WL3530137 (W.D. La. July 15, 2014) (Hanna, Mag. J. transferring second-filed action to D. Utah); Hartford Underwriters Ins. Co. v. Foundation Health Services, Inc., 359 F.Supp.2d 1297 (M.D. La. Feb. 24, 2005) (transferring second-filed suit to N.D. Miss). Judge Gayles of the Southern District of Florida analyzed Berkley's Motion to Stay as other second-filed courts have done in transferring cases to the first-filed jurisdiction. See Record Document 183-1. However, he also recognized the limited nature of Berkley's request for a short stay.[3] See id. at 3. While the analysis has been conducted, the proper steps have not yet taken place for this Court to be able to consider the Florida action. As such, Berkley cannot obtain dismissal under the first-filed rule at this time.

## II.   Alternative Arguments

Alternatively, Berkley asks the Court to order the action in the Southern District of Florida transferred or consolidated with the instant suit. For the reasons detailed above, the Court cannot do so. The Southern District of Florida, after analyzing a proper motion to transfer or consolidate, may find the issues in the two cases substantially overlap and

---

[3] In granting the motion to stay proceedings, Judge Gayles writes, "the Louisiana court necessarily must decide the issue of coverage. Importantly, Berkley seeks only a stay here." Record Document 183-1.

order a transfer to this Court; however, this Court does not have the ability to do this for them. Having rejected Berkley's requests for dismissal and transfer or consolidation, the Court need not entertain Berkley's request for subsequent actions pertaining to specific causes of action in the Florida suit. If this suit arrives before this Court in the future, those arguments may be the subject of motion practice. Berkley's Motion to Dismiss (Record Document 159) is hereby **DENIED**.

### STANTON'S MOTION TO DISMISS PURSUANT TO GASQUET SETTLEMENT

Turning to the second Motion to Dismiss before the Court, Stanton argues that he is entitled to dismissal from this suit as a result of the Gasquet Settlement reached between himself, Stafford, and National Union. See Record Document 162-1. Berkley opposes this dismissal, arguing the terms of the Gasquet Settlement explicitly contemplate Stanton remaining in the suit as a nominal defendant while Stafford pursues an award from Berkley. See Record Document 178. They argue the law of such settlements supports Stanton's continuance as a defendant, and further point to Stanton's litigious actions that reflect anything but a desire to exit the suit. See id. at 2-3. Stafford echoes these arguments, attaching the Gasquet Settlement itself. See Record Document 180. Stanton's reply discusses case law permitting the dismissal of nominal defendants in certain post-Gasquet settlement situations, while also arguing Berkley does not have standing to contest this Motion. See Record Document 182.

Gasquet settlements are a uniquely Louisianan phenomenon arising from a 1980 state appellate court case concerning an airboat accident in Plaquemines Parish. See generally Gasquet v. Commercial Union Ins. Co., 391 So.2d 466 (La. App. 4 Cir. 1980). A Gasquet settlement permits the plaintiff to (1) release the primary insurer entirely; and

(2) release the insured from all claims which might be recoverable from him directly while reserving claims against him *only* to the extent that *collectible* coverage is afforded by an excess insurance policy. See Aggreko, L.L.C. v. Chartis Specialty Ins. Co., 942 F.3d 682, 695 (5th Cir. 2019) (citing RSUI Indem. Co. v. Am. States Ins. Co., 127 F. Supp.3d 649, 658 (E.D. La. 2015)) (emphasis in original). Procedurally, the insured remains in the lawsuit as a nominal defendant while the plaintiff pursues recovery from the excess insurer. See id.

Although much of the case law surrounding Gasquet concerns post-settlement motions to remand,[4] Stanton has located and cites an instance where the Louisiana Supreme Court held the dismissal of the post-Gasquet, nominal, insured defendant did not deprive the plaintiff of the ability to pursue the excess insurer alone. See Soileau v. Smith True Value and Rental, 2012- 1711 (La. 6/28/13), 144 So.3d 771, 787. Stanton argues Soileau stands for the proposition that he is entitled to be dismissed from this action, whereas both oppositions distinguish Soileau as an instance where the dismissal of the nominal defendants was voluntarily made by the plaintiff. See Record Documents 178 &180.

The Court agrees with Stafford and Berkley. Soileau analyzed whether the Louisiana Direct Action Statute, La. R.S. 22:1269, allowed the continuance of suit against Hartford Insurance Company alone after the plaintiff had voluntarily dismissed the insured tortfeasors, Harry and Claire Smith, at trial. See 144 So.3d at 774. The parties had previously entered into a settlement—although not explicitly labeled a

---

[4] See e.g., McLain v. Herrington, 2020 WL 1025527 (W.D. La. Jan. 24, 2020); Tipton v. Landen, 2016 WL 919539 (W.D. La. Mar. 8, 2016); Roby v. Britton, 2020 WL 7768513 (E.D. La. Dec. 30, 2020); Brumfield v. Burde, 2019 WL 4387153 (E.D. La. Sept. 13, 2019).

Gasquet settlement—in which the Smiths were to remain in the lawsuit as nominal defendants to the extent necessary to pursue claims against Hartford. See id. After engaging in statutory interpretation of the Direct Action Statute, the Court concluded that by commencing the lawsuit against both the insured and the insurer, the six limited circumstances against which the plaintiff could pursue the insurer alone were not implicated. See id. at 778-79. As such, the appellate court had erred in reversing the decision of the trial court to allow the suit to proceed against Hartford by itself. See id. at 787.

Stanton misreads Soileau as standing for his mandatory dismissal from this lawsuit. While Stafford may dismiss Stanton and will not lose his right to continuing litigating against Berkley under the Direct Action Statute, he is in no way required to do so. The terms of their Gasquet Settlement explicitly contemplate that Stanton may no longer be held personally liable and any recovery will be had against Berkley. See Record Document 180-1. However, the only party to be dismissed from the lawsuit with prejudice by the terms of the Gasquet Settlement was National Union. See id. at ¶3. The Court must honor the terms of this agreement. Accordingly, Stanton's Motion to Dismiss (Record Document 162) is hereby **DENIED**.

## CONCLUSION

Both Motions to Dismiss ask this Court to undertake actions it simply cannot do. Berkley's Motion (Record Document 159) asks the Court to make a ruling on a lawsuit pending in a sister federal district court. Stanton's Motion (Record Document 162) asks the Court to make a litigation strategy decision for Stafford. Consequently, both Motions

are hereby **DENIED**. An order consistent with the terms of this memorandum ruling shall issue herewith.

    **THUS DONE AND SIGNED** in Shreveport, Louisiana on this 1st day of March, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT